IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **ROSE MARIE GUERRA,** § | | |
| **INDIVIDUALLY, AND AS NEXT** § | | |
| **FRIEND OF HAYZEL GARZA &** § | | |
| **KAYLUB GARZA, AND VLADEMAR** § | | |
| **GARZA, MINORS** § | | |
| *Plaintiffs* § | **Civil Action No.** _____ | |
| § | | |
| **v.** § | | |
| § | | |
| **M.A. MORTENSON COMPANY,** § | | |
| *Defendant.* § | | |

## DEFENDANT M.A. MORTENSON COMPANY'S
## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

COMES NOW M.A. Mortenson Company ("Mortenson"), Defendant in the above-styled and numbered cause, and files this Notice of Removal to the United States District Court for the Western District of Texas, San Antonio Division, and respectfully shows the Court as follows:

### I.
### PLAINTIFF'S CLAIMS AND PROCEDURAL HISTORY

1. Plaintiffs filed their Original Petition on or about June 17, 2020 in the 408th Judicial District Court of Bexar County, Texas. Plaintiffs' Original Petition is styled Cause No. 2020-CI-10970; *Rose Marie Guerra, Individually, and as Next Friend of Hayzel Garza & Kaylub Garza, and Vlademar Garza, Minors v. M.A. Mortenson Company*. Plaintiff, Rose Marie Guerra, sues for injuries allegedly sustained by her and the minor children arising out of a motor vehicle accident. Plaintiffs allege negligence against Mortenson and seeks damages.[1]

---

[1] *See* Exhibit A, Plaintiff's Original Petition and Request for Disclosure.

2. Mortenson was served with process on August 21, 2020 through its registered agent.[2] Mortenson timely filed its answer with the state court on September 14, 2020.[3]

3. This Court has original jurisdiction of this case pursuant to 28 U.S.C. § 1332 based on diversity jurisdiction. This civil action is properly removed to this district because the state court where the action has been pending is located within this district and division. *See* 28 U.S.C. § 1441(a).

4. A true and correct copy of all process, pleadings, and orders contained in the file of the state court are attached at Exhibit A.

## II.
## THIS CASE IS REMOVED BASED ON DIVERSITY JURISDICTION

**A.  Diversity of Citizenship exits between the Parties.**

5. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because (a) this is an action between citizens of different states; and (b) the amount in controversy exceeds $75,000. See 28 U.S.C. 1332(a). According to Plaintiffs' Original Petition, Plaintiffs are residents of Jim Wells County, Texas.[4]

6. Mortenson is a foreign corporation organized under the laws of Minnesota with its principal place of business in Minneapolis, Minnesota.[5] Thus, Mortenson is a citizen of the State of Minnesota for the purpose of diversity of citizenship under 28 U.S.C. § 1332(c)(1). In sum, there is complete diversity between Plaintiffs, citizens of the State of Texas, and Mortenson, a citizen of the State of Minnesota. See 28 U.S.C. § 1332(a)(1).

**B.  The Amount in Controversy exceeds $75,000.**

---

[2] *Id.*
[3] *See* Exhibit A, Defendant M.A. Mortenson Company's Original Answer
[4] *See* Exhibit A, Plaintiff's Original Petition and Request for Disclosure.
[5] *See* Exhibit B, the Declaration of Susan Jewell.

7. In addition, diversity jurisdiction exists because the "amount in controversy" exceeds $75,000, exclusive of interest and costs. By way of this suit, Plaintiffs seeks monetary relief in excess of $1,000,000.[6] Specifically, Plaintiffs seek medical care and expenses in the past and future; physical pain and suffering in the past and future; physical impairment and disability in the past and future; lost wages; loss of past and future earning capacity; mental anguish in the past and future; physical disfigurement in the past and future; property damage; loss of use; and cost of medical monitoring and prevention in the future.[7] Mortenson may rely on Plaintiffs' demand for damages in excess of $1,000,000 to meet the jurisdictional requirement for removal. *See* 28 U.S.C. § 1446(c)(2); *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996). Therefore, jurisdiction exists under 29 U.S.C. § 1332 and removal is proper.

8  For the reasons stated above, removal of the present case based on diversity jurisdiction is proper.

### III.
### THIS NOTICE OF REMOVAL IS TIMELY

9. Finally, Mortenson timely filed this Notice of Removal within thirty (30) days of its receipt through service of process of a copy of the initial pleading establishing that this case is removable to this Court. *See* 28 U.S.C. § 1446(b). Notice of this removal is being filed in the state court where the action is currently pending, and this Notice of Removal is also being served on Plaintiffs through their counsel of record, in accordance with 28 U.S.C. § 1446(d). A copy of Defendant's Notice of Removal filed in the state court is attached hereto as Exhibit C.

---

[6] *See* Exhibit A, Plaintiff's Original Petition and Request for Disclosure, p. 5 ¶ 15.
[7] *Id.*

WHEREFORE, PREMISES CONSIDERED, Defendant M.A. Mortenson Company hereby removes this matter from the 408th Judicial District Court of Bexar County, Texas to this Honorable Court.

Respectfully submitted,

**MEHAFFYWEBER**

By: /s/ Michael W. Magee
**MICHAEL W. MAGEE**
State Bar No.: 12816040
**ELIZABETH O'CONNELL PEREZ**
State Bar No. 24085982
One Allen Center
500 Dallas Street, Suite 2800
Houston, Texas 77002
Telephone: (713) 210-8955
Facsimile: (713) 655-0222
E-Mail: michaelmagee@mehaffyweber.com
E-Mail: elizabethperez@mehaffyweber.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of September, 2020, a true and correct copy of the foregoing was served on all counsel of record in accordance with the Texas Rules of Civil Procedure.

/s/ Michael W. Magee
**MICHAEL W. MAGEE**